[No. 20083.  Department Two.  January 21, 1927.]

W. R. LENOVER *et al., Respondents,* v. HENRY BECKMAN *et al., Appellants.*[1]

[1] MASTER AND SERVANT (172)—INJURIES TO THIRD PERSON—SCOPE OF EMPLOYMENT. In an action against a community for damages sustained in a collision with an automobile, claimed by the defendant to have belonged to his daughter, findings that the car belonged to the community are sustained by evidence that the car was in his possession, he was driving it, the license had been issued under his name, and he had stated to a policeman that he was the owner of the car.

[2] SAME (172)—INJURIES TO THIRD PERSON—EVIDENCE OF OWNERSHIP OF CAR. Upon an issue as to ownership of an automobile in an action for damages sustained in a collision, the fact that the license to operate it was in the name of the defendant, is admissible against him.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 20, 1926, upon findings in favor of the plaintiffs, in an action for damages sustained in an automobile collision, tried to the court.  Affirmed.

*Carl J. Smith,* for appellants.
*Alex Dickinson,* for respondents.

BRIDGES, J.—In this case, the plaintiffs undertook to recover damages of the defendants because of an auto-

[1]Reported in 252 Pac. 533.

mobile collision. The case was tried to the court without a jury, and judgment was rendered in favor of plaintiffs. The appellants seem to admit that there was sufficient evidence on the question of their negligence and the contributory negligence of the respondents to justify the judgment. At any rate, they do not here raise those questions. Consequently, it will not be necessary for us to state the facts in this regard.

[1] Practically the only ground for reversal is that the evidence is insufficient to support a judgment against the community consisting of the appellant Henry Beckman and his wife. The trial court found that the automobile, which was being driven by the appellant Henry Beckman at the time of the collision, belonged to the community. He testified that he did not own it, but that it belonged to his daughter, and that he had taken it without her knowledge or consent and was driving it at the time of the accident for his own pleasure. He also introduced in evidence a statement in the nature of a bill of sale running from the former owner of the car to the daughter, which bill of sale is dated some two years before the accident. On the other hand, the respondents' testimony shows that the auto was at the home of the appellants; that they had made application for a license for the car for the year 1925, such application being signed by Henry Beckman, by his agent, one Waltersdorph; that the license plate thus issued had been placed on the auto; and that shortly after the accident the appellant Henry Beckman told a policeman that he was the owner of the car. The appellant denied that the man Waltersdorph had any authority to represent him in getting the license or that he even knew him. Neither Mrs. Beckman nor the daughter was produced as a witness, although the testimony indicates that they could easily

have been called.   Mr. Beckman's testimony through-
out the case is not very satisfactory on many points,
and it is plain that the trial court refused to believe
him.   The fact that the car was in his possession, that
he was driving it, and that the license had been issued
in his name and was on the car, is at least some sub-
stantial proof of the ownership by the community.
And these facts, together with the testimony of the
policeman to the effect that Beckman had told him that
he was the owner of the car, were sufficient to justify
the court in finding that it was owned by the community
consisting of the appellants.   The fact that neither the
daughter nor Mrs. Beckman was called as a witness
tends to indicate that they would not have substan-
tiated the testimony of Mr. Beckman in this regard.

[2]   The only other question submitted for reversal
is whether the court was justified in receiving in evi-
dence the application for the license.   We think this
testimony was clearly admissible.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and ASKREN,
JJ., concur.